WILLIAM RAND, Respondent, *v.* CITY OF NEW YORK,
Appellant.

*Attorney-General — New York city — liability of city for services of
Special Deputy Attorney-General designated to conduct investigations
before grand jury in New York county.*

*Rand v. City of New York,* 212 App. Div. 870, affirmed.
(Argued October 13, 1925; decided October 27, 1925.)

APPEAL from a judgment of the Appellate Division
of the Supreme Court in the first judicial department,
entered March 13, 1925, affirming a judgment in favor
of plaintiff entered upon a verdict. The action was to
recover for legal services as Special Deputy Attorney-
General designated by the Attorney-General to act under
several requisitions of the Governor superseding the dis-
trict attorney in the conduct of certain investigations
before a grand jury in the county of New York pursuant
to section 62 of the Executive Law which provides that
compensation of Deputies Attorney-General so employed
shall be a county charge.

*George P. Nicholson,* Corporation Counsel (*Charles Horo-
witz* of counsel), for appellant.
*Clarence J. Shearn* for respondent.

Judgment affirmed, with costs; no opinion.
Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-
LIN, CRANE, ANDREWS and LEHMAN, JJ.

---

THE CITY OF NEW YORK, Appellant, *v.* JAMES NICKAS,
Respondent.

*New York city — bid for privilege of maintaining stand on Brooklyn
Bridge — action by city to recover for refusal to enter into contract —
authority of city officials to execute contract.*

*City of New York v. Nickas,* 212 App. Div. 810, affirmed.
(Submitted October 13, 1925; decided October 27, 1925.)

APPEAL, by permission, from a judgment of the Appel-
late Division of the Supreme Court in the first judicial
department, entered January 26, 1925, unanimously

affirming a judgment in favor of defendant entered upon a dismissal of the complaint and a verdict directed by the court upon defendant's counterclaim. The action was to recover the difference between the amount of defendant's bid for the privilege of maintaining and operating a stand upon the Brooklyn Bridge and the highest amount bid upon a resale of such privilege after refusal of defendant to execute a contract in conformance therewith. Defendant counterclaimed for the amount deposited with his bid. The trial court held that the commissioner of bridges of the city of New York had no power to make or execute the contract in question.

*George P. Nicholson, Corporation Counsel (Willard S. Allen* and *Isaac F. Cohen* of counsel), for appellant.

*Francis Colety* for respondent.

Judgment affirmed, with costs, on the ground the stand in question is an obstruction to public travel.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

INTERNATIONAL PAPER COMPANY, Respondent, *v.* THE STATE OF NEW YORK, Appellant.

*Tax — stock transfer tax — claim against State for value of stamps alleged to have been erroneously affixed and canceled.*

*International Paper Co.* v. *State of New York,* 210 App. Div. 353, affirmed.

(Argued October 13, 1925; decided October 27, 1925.)

APPEAL from a judgment, entered November 6, 1924, upon an order of the Appellate Division of the Supreme Court in the third judicial department, reversing a judgment in favor of defendant entered upon a dismissal by the Court of Claims of the plaintiff's claim and directing judgment in favor of plaintiff. The claim was filed pursuant to section 280 of the Tax Law to obtain a refund of an amount paid for stock transfer stamps which it was alleged were erroneously affixed and canceled in connection with a certain agreement for the deposit of stock.